**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMANDA MITCHELL, an individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| TRANS UNION LLC, a foreign corporation; EQUIFAX INFORMATION SERVICES LLC, a foreign limited liability company; and JPMORGAN CHASE BANK, N.A., d/b/a "Chase", a foreign corporation, | |
| Defendants. | |

Plaintiff, Amanda Mitchell (hereinafter "Plaintiff") by and through counsel, and for her complaint against Trans Union LLC, Equifax Information Services LLC and JPMorgan Chase Bank, N.A. d/b/a "Chase" (hereinafter "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act).

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).

/ / /

**PARTIES**

3. Plaintiff is a natural person residing in the State of Nevada. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

5. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

8. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") is a foreign corporation conducting business in the State of Nevada.

11. Upon information and belief, Chase is a national bank, authorized to do business in the State of Nevada.

**FACTUAL ALLEGATIONS**

12. On October 14, 2008, Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court, District of Nevada.

13. Plaintiff included a number of liabilities in her bankruptcy, however, Plaintiff did not include any Chase loans in her bankruptcy.

14. In January 2013, Plaintiff sought to have a hard-money loan for real property re-financed. Upon seeking refinancing, Plaintiff's potential lender, informed Plaintiff she did not qualify for a refinance as her credit report was showing a home loan discharged in bankruptcy – i.e. the Chase loan at issue herein.

15. Plaintiff's potential lender pulled a Kroll Factual Data – i.e. a credit report - which was reporting Chase account number 1565303557556 as "Foreclosure proceedings started; Chapter 7 bankruptcy; Chapter 7; Included in bankruptcy; Closed 07/07."

16. The Chase account was also stating the account was last active in January 2009.

17. On January 30, 2013, Plaintiff disputed the inaccurate information with Equifax, TransUnion and Experian, via written correspondence. Included in Plaintiff's dispute letter was documentation from her bankruptcy supporting her claims the information being reported by Equifax, TransUnion and Experian was inaccurate.

18. Trans Union and Experian corrected the information in Plaintiff's credit report as it pertained to Plaintiff's Chase Account.

19. On March 6, 2013, after not receiving the results of Equifax's reinvestigation, Plaintiff called Equifax. Plaintiff called multiple phone numbers listed on her credit report and on Equifax's website. During the course of each and every phone call made by Plaintiff she was unable to speak to a person (she was constantly forwarded to automated messages), to ask if the correction had been made.

20. Shortly thereafter, Plaintiff decided to become a member of Equifax's "member" website, in hopes of resolving her dispute. Plaintiff was charged $18.00 to access Equifax's "member" website.

21. On March 12, 2013, Plaintiff called a new telephone number, a number Plaintiff only found through Equifax's "member" website. Plaintiff spoke with a customer service representative of Equifax. Equifax's customer service representative confirmed Equifax received Plaintiff's dispute letter on February 7, 2013. Plaintiff inquired into why her dispute

1  was not re-investigated pursuant to the FCRA. Equifax's customer service representative stated
2  "Equifax recommends that people call to follow up to ensure paperwork was received."

3      22.    On March 17, 2013, Plaintiff received email correspondence from Equifax.
4  Equifax represented the account was reporting accurately.

5      23.    On March 18, 2013, Plaintiff's lender pulled her credit report again to see if it still
6  contained the inaccurate information. The credit report still showed the Chase account was
7  included in bankruptcy, which it was not. Equifax did however, update the date of the last
8  activity on the file from "01/09" to September 2008. Equifax also noted Plaintiff's Chase
9  account as "disputed."

10      24.    Equifax failed to correct the inaccurate information.

11      25.    Shortly thereafter, Plaintiff's lender advised Plaintiff she could qualify for a loan
12  and the underwriting process if the word "disputed" was removed from her credit report.

13      26.    Plaintiff contacted Equifax and rescinded her "dispute" with Equifax for the sake
14  of attempting to qualify for a loan.

15      27.    On March 26, 2013, Equifax emailed Plaintiff and stated "the explanation
16  previously attached to this account has been deleted."

17      28.    On April 3, 2013, based on the email from Equifax, Plaintiff asked her lender to
18  pull her credit report for the purposes of underwriting. Plaintiff's lender pulled Plaintiff's credit
19  report and the Chase account was still noted as "disputed", contrary to the information Equifax
20  had recently provided Plaintiff.

21      29.    On April 4, 2013, Plaintiff called Equifax and again advised Equifax there was no
22  longer a "dispute" and that the word "dispute" should be removed from her Chase account.

23      30.    On April 9, 2013, Equifax emailed Plaintiff and stated "the explanation
24  previously attached to this account has been deleted."

25      31.    On April 8, 2013, in an effort to confirm the Chase account was no longer
26  reporting as "disputed", Plaintiff contacted Equifax and spoke with an individual who identified

himself as "Son". Son advised Plaintiff the word "dispute" was still on the Chase account and assured Plaintiff he would have the information corrected.

32. On April 15, 2013, based on the email from Equifax and the conversation with Equifax's representative "Son", Plaintiff asked her lender to pull her credit report for the purposes of underwriting. Plaintiff's lender pulled Plaintiff's credit report and the Chase account was still notated as "disputed", contrary to the information Equifax had just provided Plaintiff.

33. Shortly thereafter, Plaintiff contacted Equifax and requested the word "dispute" be removed from her Chase account.

34. Plaintiff, based on her previous interactions with Equifax, pulled her credit report herself, from Equifax's "member" website, and the word "dispute" did not appear on her credit report.

35. On April 30, 2013, Plaintiff's lender pulled Plaintiff's credit report from Equifax Mortgage Solutions and the word "dispute" was reported by both Equifax and Trans Union for Plaintiff's Chase account.

36. On April 30, 2013, Plaintiff called Equifax and requested the word "dispute" be removed from her Chase account.

37. On May 1, 2013, based on her previous interactions with Equifax, pulled her credit report herself, from Equifax's "member" website, and the word "dispute" did not appear on her credit report.

38. On May 8, 2013, Equifax emailed Plaintiff and stated "the explanation previously attached to this account has been deleted."

39. On May 8, 2013, based on her previous interactions with Equifax, pulled her credit report herself, from Equifax's "member" website, and the word "dispute" did not appear on her credit report.

40. On May 10, 2013, Plaintiff called Equifax two separate times to confirm the word "dispute" had been removed from her Chase account. In both conversations, Plaintiff was assured by Equifax representatives the word "dispute" was removed from the Chase trade line.

41. On May 13, 2013, Plaintiff's lender pulled Plaintiff's credit report from Equifax Mortgage Solutions and the word "dispute" was reported by both Equifax and Trans Union for Plaintiff's Chase account.

42. Plaintiff's Chase loan was not included in her bankruptcy.

43. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify Chase's representations.

44. In the alternative to the allegation that Equifax failed to contact Chase, it is alleged that Chase did forward some notice of the dispute to Chase and Chase failed to conduct a lawful investigation.

**FIRST CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681e(b) against Trans Union)**

45. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

46. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

48. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

/ / /

## SECOND CLAIM FOR RELIEF

**(Violation of 15 U.S.C. § 1681i against Trans Union)**

50. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

51. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Chase; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

52. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

53. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## THIRD CLAIM FOR RELIEF

**(Violation of 15 U.S.C. § 1681e(b) against Equifax)**

55. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

56. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

58. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

59. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## FOURTH CLAIM FOR RELIEF

### (Violation of 15 U.S.C. § 1681i against Equifax)

60. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

61. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Chase; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

62. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

63. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

///

///

## FIFTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681s-2(b) against Chase)

65. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

66. Chase violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the false representation within Plaintiff's credit file with Trans Union and Equifax by failing to fully and properly investigate Plaintiff's dispute of Chase's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union and Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of their representations to the consumer reporting agencies.

67. As a result of this conduct, action and inaction of Chase, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

68. Chase's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

69.  Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs and reasonable attorneys' fees;
5. A trial by jury; and
6. For such other and further relief as the Court may deem just and proper.

Dated this 15th day of July, 2013.

**COGBURN LAW OFFICES**

By: s/ Larson A. Welsh, Esq.
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
*Attorneys for Plaintiff*

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936